**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RENEE A. W., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 19-CV-119-JFJ** |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is the Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) ("§ 406(b)"), filed by Teresa M. Grasso-Herlan, counsel for Plaintiff ("Counsel"). ECF No. 26. Counsel seeks approval of an attorney fee award of $23,008.40, or 19.8% of the total past-due benefits awarded, pursuant to both § 406(b) and the terms of the contingency fee contract between Plaintiff and Counsel. *Id.* Plaintiff employed Counsel to appeal the adverse decision rendered by the Administrative Law Judge presiding over the request for benefits. As part of this engagement, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past-due benefits ultimately awarded to Plaintiff. *See* ECF No. 26-2. Such contracts are recognized as valid under the prevailing case authority. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Counsel filed this appeal on Plaintiff's behalf on March 5, 2019. ECF No. 2. This Court reversed and remanded the Commissioner's decision on March 31, 2020. ECF No. 18. In compensation for Counsel's services, Plaintiff was awarded fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,921.50, on October 1, 2020. ECF No. 24. On remand to the Commissioner, Counsel successfully obtained a determination that

Plaintiff had been disabled since June 2017, and Plaintiff received past-due benefits and Medicare

benefits in the amount of $116,033.60.  ECF No. 26 at 1; ECF No. 26-1.

As an initial matter, the Court finds, with some reservations, that Counsel's motion was

timely filed.  A request for fees under § 406(b) must employ the relief provisions of Federal Rule

of Civil Procedure 60(b)(6) to ensure timeliness.  *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th

Cir. 2006).  In accordance with this rule, any fee request under § 406(b) must be filed "within a

reasonable time of the Commissioner's decision awarding benefits."  *Id.*  Here, Counsel represents

that the Commissioner issued a fully favorable decision to Plaintiff on July 21, 2020.  ECF No. 26

at 1.  Counsel sought relief pursuant to Rule 60(b)(6) as part of this motion, filed on February 15,

2021, and the Court hereby grants relief to Counsel to seek fees under § 406(b).  Although Counsel

does not explain the gap between Plaintiff's favorable awards decision and the filing of this motion,

the Court will not find this gap of approximately six months to be unreasonable.  In future cases,

the Court encourages Counsel to file a Rule 60(b)(6) extension request immediately after a

favorable benefits decision.

Regarding the requested fee amount, Counsel's fee award for successfully prosecuting an

appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed

25% of Plaintiff's past-due benefits.  *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir.

2008) (citing 42 U.S.C. § 406(b)(1)(A)).[1]  While § 406(b) does not displace contingency-fee

arrangements for fees up to 25% of the past-due benefits, § 406(b) nonetheless calls for the Court

---

[1] The pertinent language states: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A).

to review the contingency-fee arrangement "as an independent check," to ensure that it yields a "reasonable result[]" in the particular case. *Gisbrecht*, 535 U.S. at 807. Factors to consider include (1) the character of the representation and the results achieved; (2) whether the attorney engaged in dilatory conduct or provided substandard representation; and (3) whether the benefits are so large in comparison to the amount of time counsel spent on the case that a "windfall" to the attorney would result. *Id.* at 808. Although the Supreme Court in *Gisbrecht* rejected the "lodestar" method of calculating the reasonableness of the fee (hours reasonably spent on the case times reasonable hourly rate), the Court noted that it may aid the reviewing court to require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing charge for noncontingency-fee cases. *Id.*

In his response, the Commissioner states that he is not a party to § 406(b) fee awards. Nonetheless, the Commissioner urges the Court to find Counsel's fee request to be excessive, as it would result in a windfall to Counsel. ECF No. 29 at 2. The Commissioner does not propose any specific reduction of the § 406(b) award, but he cites several unpublished district court decisions approving, and one unpublished Tenth Circuit decision affirming, discretionary fee reductions under *Gisbrecht*. *See Gordon v. Astrue*, 361 F. App'x 933 (10th Cir. 2010) (affirming fee reduction from hourly rate of $722.22 to hourly rate of $300, based on rationale that the requested amount would be a windfall given the result obtained); *Lull v. Berryhill*, No. 4:16-cv-00301-GKF-PJC (N.D. Okla. Apr. 12, 2018) (reducing fee from hourly rate of $834.46 to hourly rate of $550); *Walker v. Saul*, No. CIV-16-703-D, 2019 WL 3323512 (W.D. Okla. July 24, 2019) (reducing counsel's request for $34,007.38 for 26.5 attorney hours and 8.55 paralegal hours, because requested amount would yield a windfall); *Orlando Walker v. Berryhill*, No. CIV-15-01353-R, 2018 WL 6438545 (W.D. Okla. Dec. 7, 2018) (reducing counsel's request for fee award equating to $1,043.75 per hour, because requested amount would equal a windfall); *Dornbusch v.*

*Astrue*, No. 08cv0033 DJS, 2010 WL 11623617 (D.N.M. Feb. 3, 2010) (reducing fee request as yielding a windfall, noting that the benefits were large in comparison to the amount of time counsel spent on the case); *Hoskins v. Colvin*, No. 1:14-cv-00076-BCW, 2016 WL 3000364 (D. Utah May 23, 2016) (finding fee request equaling hourly rate of $512.63 would yield a windfall, and reducing fees to equivalent of $369.09 per hour).

The Court rejects the Commissioner's position and finds that the requested fee is not excessive.  Counsel's requested fees do not exceed either the contractual agreement for 25% of Plaintiff's past-due benefits or the limits of § 406(b).  The Court has reviewed the contemporaneous time and expense records and finds the time expended to be reasonable and necessary in consideration of the result obtained.  A fee award of $23,008.40, which is 19.8% of the award of past-due benefits, is reasonable.  Plaintiff's attorney spent 22.8 hours on this matter, which translates to an hourly rate of approximately $1,009.14.  ECF No. 26-4.  While this amount is high, it is not a "windfall" that should be reduced by the Court under *Gisbrecht*.  Contingency fee contracts often result in a higher hourly fee recovery than a non-contingent hourly fee would produce, but the higher rate accounts for the risk that there will be no fee recovery.  Counsel notes that the risk of pursuing this case was even higher, because Plaintiff's date last insured was December 31, 2018, meaning no further development of the record was possible.  ECF No. 26 at 3.

Additionally, when the amount of the EAJA fee award, $4,921.50, is returned to Plaintiff in accordance with *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), the net result is a fee that is an out-of-pocket expense to Plaintiff of $18,086.90, which represents 15.6% of the past-due benefits, or an hourly rate of approximately $793.29.  Further, there is no evidence that Counsel unduly delayed the proceedings or represented Plaintiff in a substandard manner. *Gisbrecht*, 535 U.S. at 808.  The Court finds no evidence that Counsel was responsible for any delay in this case.

Finally, the Tenth Circuit and district court decisions cited by the Commissioner in support of a fee reduction do not dictate any particular result here, but rather stand for the proposition that a district court is empowered with considerable discretion to reduce a requested § 406(b) fee award below the 25% maximum when it reasonably finds the requested amount to be excessive. *See Gordon*, 361 F. App'x at 935 (noting that, under the highly deferential standard of review, the Tenth Circuit is "often obliged to affirm awards we may not ourselves have made in the first instance").

For the reasons stated above, Counsel's Motion for Attorney Fees (ECF. No. 26) is **GRANTED**. Counsel is awarded fees in the amount of $23,008.40 to be paid by the Commissioner directly to Counsel from the amount of past-due benefits withheld for that purpose. Upon receipt of payment, Counsel is hereby ordered to refund to Plaintiff the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision. *Weakley*, 803 F.2d at 580.

**SO ORDERED** this 5th day of May, 2021.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**